**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vincent Kellogg,<br>            Plaintiff,<br>v.<br>Michael J. Astrue, Commissioner of Social Security,<br>            Defendant. | No. CV 09-00982-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Attorneys' Fees (Doc. 18). Defendant has filed a response (Doc. 19).

**I.    BACKGROUND**

Plaintiff filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act on September 28, 2004. Plaintiff's Title II application was denied initially and again on reconsideration.

Plaintiff requested and was granted a hearing before an Administrative Law Judge ("ALJ"). The ALJ issued a Notice of Decision-Unfavorable denying Plaintiff's claims on March 25, 2006. On October 9, 2006, Plaintiff retained Plaintiff's counsel on a contingent-fee basis. On October 19, 2006, Plaintiff's counsel requested review of Plaintiff's claim with the Appeals Council and she submitted a brief on February 20, 2007. The Appeals Council denied review on March 11, 2009. On May 7, 2009, Plaintiff filed this action in federal court.

Plaintiff filed his opening brief in this matter on September 11, 2009. (Doc. 11).

On November 9, 2009, Defendant stipulated to remanding the case to the ALJ to hold a de novo hearing and issue a new decision regarding Plaintiff's eligibility for disability insurance benefits. (Doc. 14). On November 10, 2009, the Court entered an order remanding this matter for further administrative proceedings and the Clerk of the Court entered judgment in this case. (Docs. 15 & 16).

Upon remand, the ALJ held a supplemental hearing and issued a fully favorable decision on March 22, 2011. The Social Security Administration withheld $32,017.00, which represents 25% of the past-due benefits payable to Plaintiff, as required by Section 206(a) of the Social Security Act for attorneys' fees.

On November 27, 2012, Plaintiff filed the pending motion for attorneys' fees with the Court. (Doc. 18). Plaintiff's counsel seeks $22,017.00 in attorneys' fees pursuant to 42 U.S.C. § 406(b). (*Id*. at 1). Defendant argues that more reasonable sums would be either $7,699.12 or $10,220.00. (Doc. 19).

## II.   ANALYSIS

Section 406(b) provides that whenever the Court renders a favorable judgment to a social security claimant, the Court can award reasonable attorneys' fees for representation of the claimant. 42 U.S.C. § 406(b)(1)(A). The reasonable fee cannot exceed twenty-five percent of the total past-due benefits awarded to the claimant. *Id*. The fee is payable out of, and not in addition to, the amount of the past-due benefits. *Id*. Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Supreme Court noted that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. Therefore, the Court must ensure the fee is 1) reasonable, and 2) limited to 25% of past-due benefits.

This Court must first "respect the primacy of lawful attorney-client fee

agreements." *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir. 2009) (en banc) (internal quotations omitted). While looking first to this agreement, this Court must still test the resulting award for reasonableness. *Id*. at 1149. In other words, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id*. at 1151[1]. In considering reasonableness this Court should consider the following non-exhaustive factors: the character of the representation, the results achieved, performance, delay, whether the benefits were proportionate to the time spent on the case, and, as an aid if necessary, the lodestar calculation. *Id*.

Plaintiff and his counsel had a contingent-fee agreement in this case typical of fee agreements in disability benefit cases. The contingent-fee agreement provides that Plaintiff's counsel's fee shall equal twenty-five percent of all past-due benefits awarded to Plaintiff and Plaintiff's family. (Doc. 18-4). Twenty-five percent of the total amount of past-due benefits awarded to Plaintiff and others as a result of the judgment in his favor is $32,017.00. Plaintiff's counsel seeks an award of attorneys' fees in the amount of $22,017.00.

The Commissioner objects to this amount because Plaintiff's counsel worked 14.9 hours on this matter, which represents a rate of $1,477.00 per hour. (Doc. 19 at 2). The Commissioner argues that the fee requested is unreasonable because this is an unreasonable hourly rate to be paid. (*Id*.).

Plaintiff has established that the fee is less than 25% of past-due benefits. Turning to the factors outlined in *Crawford*, the Court finds the fee requested by Plaintiff, however, is unreasonable. The only relevant factor to this determination is whether the benefits were proportionate to the time spent on the case. If the "benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

---

[1] "In the event the court chooses not to give effect to the terms of the agreement, it should state for the record the deduction being made and the reasons therefor[ ]." *Crawford*, 586 F.3d at 1151 (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)).

The Court recognizes that counsel's fee is under a contingent-fee agreement and as such Plaintiff's counsel bore the risk of an unfavorable decision. Plaintiff's counsel avers that the prevailing non-contingent rate in the Phoenix market is $250.00 per hour. (Doc. 18 at 12). The rate in a contingent-fee agreement will justifiably be higher. The question is how much higher.

Under similar circumstances, in *Hires v. Commissioner of Social Security Administration* and *Loveless v. Astrue*, other judges in this Court have found attorneys' fees requests equating to rates of $1,073.47 and $1,043.77 per hour respectively were unreasonable for no other reason than the excessive hourly rate these fees represented. *See Hires v. Comm'r of Soc. Sec. Admin.*, CV-08-2037-PHX-FJM, 2010 WL 2720821, at *2 (D. Ariz. July 9, 2010) (finding $300.00 per hour rate was reasonable); *Loveless v. Astrue*, 2:09-CV-00830 JWS, 2012 WL 1190823, at *2 (D. Ariz. Apr. 10, 2012) (finding that an almost $700 per hour rate was high but still reasonable); *see also Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036 (N.D. Cal. 2003) (awarding counsel nearly three times the amount of his normal hourly rate); *Grunseich v. Barnhart*, 439 F.Supp.2d 1032, 1035 (C.D. Cal. 2006) (awarding hourly rate of $600); *contra, Hodges–Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (D. Ill. 2005) (contingency fee award which "would amount to an hourly rate of more than $1,000 per hour" is unreasonable).

In this case, the Court concludes that Plaintiff's requested rate of $1,477.00 per hour for 14.9 hours of work is excessive and therefore unreasonable. To give adequate consideration to the risk that Plaintiff's counsel took in undertaking the contingent fee arrangement, the Court concludes that an award of $11,175.00 is appropriate. This represents an hourly rate of $750—three times higher than the non-contingent fee rate— and accounts for the risk that Plaintiff's counsel took, counsel's experience in the field, and the favorable disposition of Plaintiff's claim.

**III.   CONCLUSION**

//

//

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for an Award of Attorneys' Fees Under 42 U.S.C. § 406(b) (Doc. 18) is granted. Counsel's fees are approved in the amount of $11,175.00.

Dated this 17th day of September, 2013.

James A. Teilborg
Senior United States District Judge